MORALES ET AL., PLAINTIFFS AND APPELLANTS, v. REXACH ET AL., DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of Arecibo in an Action to Annul and Cancel a Possessory Title, Etc.

No. 1182.—Decided May 25, 1915.

POSSESSION—PRESUMPTION—POSSESSORY TITLE.—When a person is in possession as owner the legal presumption is that he holds under a just title and that presumption can be destroyed in courts of justice only by a person who proves that he has a better title.

POSSESSORY TITLE—ACTION TO ANNUL TITLE.—Only a person having a better title to a property can institute proceedings to annul the possessory title of a person holding the same as owner.

ID.—ID.—USUFRUCTUARY—CAUSE OF ACTION.—Admitting that it was alleged in the complaint with sufficient clearness that the municipality of Arecibo had a better right to the ownership of the land than the hermitage, which had proved its possession as owner, and that the municipality, after having granted the usufruct to the plaintiffs of various lots included in the said land, refused to exercise its right of ownership to which the usufruct of the plaintiffs was subordinate and for that reason was made a party defendant in this suit, even then, the plaintiffs have no cause of action for the annulment of the possessory title generally; and even supposing they had the right to seek the annulment of the said title in so far as the same might affect their interests, as such interests have not been specifically set up in any way in the complaint it would have to be dismissed.

The facts are stated in the opinion.

Messrs. R. López Landrón and J. Gregory for the appellants.

Mr. Juan Hernández López for the respondents.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Twenty-three residents of the city of Arecibo brought an action in the district court against Reverend Agustín Rexach, as representative of the "Monserrate Hermitage," and the municipality of Arecibo, represented by its mayor, Manuel Pérez Aviléz, praying the court to render final judgment as follows: (1) That the plaintiffs are under no obligation to pay any rent or consideration of any kind for the use of certain parcels of land on which they have constructed houses; (2) that the plaintiffs are required only to account to the municipality of Arecibo which has the best title to

the said parcels of land; and (3) that the proceeding brought by the representative of the hermitage to prove possessory title to the said parcels of land is null and void and therefore its record in the registry of property should be canceled.

The plaintiffs based their prayer on the following allegations, in brief:

About the year 1736, on the petition of several residents, the Government of the Island of Porto Rico, as the superior hierarch of the Chapter of Arecibo, and the Bishopric authorized the building of a hermitage, known as "Monserrate," on the crest of the "Cerro" near the main precinct of the town of Arecibo. Later, the lot on which the building stood and ten feet of land surrounding the same, which was to be used as a cemetery, were transferred to the hermitage for an indefinite time and free of rent. Subsequently, or in 1819, the superintendent of the hermitage petitioned the municipality of Arecibo to mortgage the "Cerro" lots and to pay him the value of the land of the cemetery, which petition was denied because the said lands are comprised within the public lands.

Before, during and after the year 1819 the residents of Arecibo petitioned for and obtained from the municipality grants of lots on which to build dwelling-houses, which grants were made for an indefinite period and free of all rental. The piety of the residents who owned the houses built on the lands of the "Cerro" prompted them from that time on to contribute one dollar annually for celebrating the anniversary of the Virgin of Monserrate, but without contracting any legal obligation in favor of the said hermitage or the church.

Matters being thus, in February, 1912, Reverend Rexach, Vicar of Arecibo, brought proceedings as the representative of the hermitage alleging that it held peaceful, public and uninterrupted possession, under title of ownership, of four parcels of land situated in the ward of Monserrate of Arecibo. The lots were valued at $9,340. One measures 2,032

square meters, another 918, another 1,262 and another 1,548. All are properly described. Reverend Rexach further alleged in the proceedings that the lots formed part of the tract acquired by the hermitage more than seventy-five years before by a benevolent legacy from Calixto Soto and that as there was no good written title, he brought the proceedings to have the court approve the possessory title after due process of law and order the title to be recorded in the registry of property without prejudice to third parties having better rights. The possessory title proceedings were finally approved and recorded in the Registry of Property of Arecibo.

The said parcels of land "are situated in the common zone of public lands to be used for the extension of the town and the plaintiffs were not cited to appear in the possessory title proceedings." Within the said lands "the plaintiffs own houses built by the authority and under concessions of the municipality of Arecibo, free of rent or other consideration, on lots belonging to the municipality, the use of which was granted for an indefinite period of time." It is not true that the hermitage has been in possession of the parcels of land as owner. Furthermore, the hermitage and its society have ceased to exist since 1882 by reason of the restitution to the municipality of the property on which the hermitage had been situated.

Defendant Rexach having been summoned, he demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained by the court and judgment was entered against the plaintiffs, who took the present appeal therefrom.

After carefully considering the facts alleged by the plaintiffs it is necessary to conclude that the judgment appealed from should be affirmed.

It appears from the complaint itself that the Monserrate Hermitage of Arecibo proved its possession of certain parcels of land in the character of owner and recorded its title in the registry of property. As the hermitage is in posses-

sion as owner, the legal presumption in its favor is that it holds under a just title and that presumption can only be destroyed in courts of justice by a person who proves that he has a better title to the ownership of the land. The plaintiffs are not the owners. They do not allege that they are, either directly or indirectly, therefore they have no cause of action for seeking to have the possessory title proceedings annulled.

But this is not all. Admitting that it was sufficiently alleged in the complaint that the municipality of Arecibo had a better title to the ownership of the parcels of land than the Monserrate Hermitage and that the municipality, after granting the usufruct to the plaintiffs, refused to exercise that right of ownership to which the usufruct enjoyed by the plaintiffs is subordinate and for that reason was made a party defendant to this suit, even then it is evident that the plaintiffs have no legal grounds for demanding, as they do, the annulment of the possessory title proceedings generally. And even supposing they had the right to seek the annulment of the said proceedings in so far as the same might affect their interests, such interests have not been specifically set up in any way in the complaint. The allegation that the plaintiffs have built their houses on the parcels of land is not enough. There are four different parcels of land and at least twenty-three different houses in question and the fundamental allegation of the plaintiffs themselves in the complaint does not show on what parcel of land a single one of the houses is situated, or what amount of land it occupies, or what its boundaries are.

In view of the foregoing and of the further fact that the complaint does not charge defendant Rexach with having committed any act to disturb the plaintiffs directly in the material possession of the lots which they occupy, it is unnecessary to consider the other questions which the judge of the district court refers to in the opinion on which he bases his judgment, which questions are academic ones in this suit

inasmuch as there is nothing in the pleadings on which they could be raised, argued or decided.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.